CT Corporation

# Service of Process Transmittal
06/13/2016
CT Log Number 529327832

| | |
|---|---|
| TO: | Kim Turner<br>Allstate Insurance Company - Nashville MCO<br>555 Marriott Dr Ste 850<br>Nashville, TN 37214-5026 |
| RE: | **Process Served in Tennessee** |
| FOR: | Allstate Fire and Casualty Insurance Company  (Domestic State: IL) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Mack Scott, Pltf. vs. Allstate Indemnity Company, etc. and d/b/a Allstate Insurance Company d/b/a Allstate Fire and Casualty Insurance Company, etc., Dft. |
| DOCUMENT(S) SERVED: | Letter, Summons, Return, Attachment(s), Complaint |
| COURT/AGENCY: | Memphis County Circuit Court - Thirtieth Judicial District, TN<br>Case # CT00216616 |
| NATURE OF ACTION: | Insurance Litigation - Claim for policy benefits |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Knoxville, TN |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 06/13/2016 postmarked on 06/10/2016 |
| JURISDICTION SERVED: | Tennessee |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service, not including the day of service |
| ATTORNEY(S) / SENDER(S): | James W. Cook<br>9057 Valley Crest Lane, Suite 102<br>Germantown, TN 38138<br>901-753-5898 |
| ACTION ITEMS: | SOP Papers with Transmittal, via  Fed Ex 2 Day , 783359159949<br><br>Image SOP<br><br>Email Notification,  Judi Bowlds  Judi.Bowlds@allstate.com<br><br>Email Notification,  Kim Turner  chzwv@allstate.com<br><br>Email Notification,  Cherie Schmelz  Cherie.Schmelz@allstate.com<br><br>Email Notification,  Susan Ellis  selli@allstate.com<br><br>Email Notification,  Craig Grider  cgjf4@allstate.com<br><br>Email Notification,  Sheila Wilson  chyhj@allstate.com |
| SIGNED:<br>ADDRESS: | C T Corporation System<br>800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710 |

Page 1 of  2 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


CT Corporation

# Service of Process Transmittal
06/13/2016
CT Log Number 529327832

**TO:** Kim Turner
Allstate Insurance Company - Nashville MCO
555 Marriott Dr Ste 850
Nashville, TN 37214-5026

**RE:** **Process Served in Tennessee**

**FOR:** Allstate Fire and Casualty Insurance Company  (Domestic State: IL)

**TELEPHONE:** 216-802-2121

Page 2 of  2 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



Department of
**Commerce &**
**Insurance**

Service of Process
500 James Robertson Parkway
Nashville, Tennessee 37243



CERTIFIED MAIL

7015 0640 0007 0043 8830



FIRST CLASS



UNITED STATES POSTAGE
PITNEY BOWES

02 1M
0004292626      JUN 10  2016
$ 06.67⁵
MAILED FROM ZIP CODE 37243

7015 0640 0007 0043 8830          6/7/16
ALLSTATE FIRE AND CASUALTY INS. CO.
800 S. GAY STREET, STE 2021, % C T CORP.
KNOXVILLE, TN 37929-9710

3792959710 C002

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

June 07, 2016

Allstate Fire And Casualty Ins. Co.
800 S. Gay Street, Ste 2021, % C T Corp.
Knoxville, TN 37929-9710
NAIC # 29688

Certified Mail
Return Receipt Requested
7015 0640 0007 0043 8830
Cashier # 26172

Re:   Mack Scott  V.  Allstate Fire And Casualty Ins. Co.

    Docket # Ct-002166-16

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served June 03, 2016, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Shelby County
    140 Adams Street, Rm 324
    Memphis, Tn 38103

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2016 May 27 AM 11:06
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

☉ Lawsuit
○ Divorce

Docket No. CT-002166-16

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| MACK SCOTT | VS | ALLSTATE INDEMNITY COMPANY, individually and d/b/a ALLSTATE INSURANCE COMPANY d/b/a ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY d/b/a ALLSTATE, |

TO: (Name and Address of Defendant (One defendant per summons))

ALLSTATE INDEMNITY COMPANY, individually and d/b/a ALLSTATE INSURANCE COMPANY d/b/a ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY d/b/a ALLSTATE
2775 Sanders Road
Northbrook, IL 60062

SERVE THROUGH THE COMMISSIONER OF INSURANCE

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
☉ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on JAMES W. COOK Plaintiff's attorney, whose address is 9057 Valley Crest Lane, Suite 102, Germantown, TN 38138 telephone 901-753-5898 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____ By _____, D.C.

### TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt, with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20___

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____ M. a copy of the summons and a copy of the Complaint to the following Defendant _____

at _____

_____  By: _____
Signature of person accepting service             Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:** MACK SCOTT VS ALLSTATE INDEMNITY CO

**Case Number:** CT-002166-16

**Type:** SUMMONS ISSD TO MISC

Ms Sheri C Carter, DC

Electronically signed on 05/27/2016 11:13:27 AM

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

MACK SCOTT,

    Plaintiff,

vs.

No. CT-002166-16

JURY DEMANDED

ALLSTATE INDEMNITY COMPANY,
individually and d/b/a ALLSTATE INSURANCE
COMPANY d/b/a ALLSTATE FIRE AND
CASUALTY INSURANCE COMPANY
d/b/a ALLSTATE,

    Defendant.

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Mack Scott, and sues Defendant, Allstate Indemnity Company, individually and d/b/a Allstate Insurance Company d/b/a Allstate Fire and Casualty Insurance Company d/b/a Allstate (hereinafter "Allstate") for damages arising out of Allstate's breach of his insurance contract and for cause of action would respectfully show to the Court as follows:

1.     Plaintiff, Mack Scott, is a resident of Memphis, Shelby County, Tennessee.

2.     Defendant, Allstate, is a foreign corporation doing business as an insurance company in the State of Tennessee selling insurance policies to the general public for protection of property and liability and specifically in this case selling Plaintiff a homeowner's insurance policy purporting to protect his residence and personal property from various perils, including loss caused by fire.

1

3. Allstate, for a consideration, issued said policy of homeowner's insurance to Plaintiff insuring his house and personal property located at 4509 Charring Cross Road, Memphis, Shelby County, Tennessee.

4. Plaintiff entrusted his homeowner's insurance with Allstate for almost 36 years.

5. On or about June 6, 2015, Plaintiff suffered a loss to his home and personal property as the result of a sudden and accidental fire. Said fire was a loss covered under Plaintiff's homeowner's insurance policy with Allstate and provided that in the event of such a loss Allstate would pay to repair and restore his home and personal property and provide him with extra living expense so he could afford a place to live while repairs were being made. Allstate caused additional damage to his dwelling by not paying to repair his house, leaving it exposed to the elements.

6. Plaintiff made claim to Allstate for the coverage he had purchased, but Allstate unreasonably delayed and misled Plaintiff as to the purpose of its delay and the purpose of its investigation, which was to avoid its responsibility under its contract of insurance.

7. Plaintiff performed and completed all conditions precedent required in the contract and made demand that Allstate pay for the insured loss he had incurred and told Allstate he would sue it if it did not promptly pay his claim. Instead, Allstate unreasonably denied Plaintiff's claim on January 12, 2016.

8. Plaintiff charges that Allstate breached its policy of insurance contract and that, as a result of that breach, caused him to be unable to repair his house so that he could return to it and live in it. Allstate's breach caused Plaintiff to lose the use of his house and incur extra expense attempting to find a place to reside as well as embarrassment and shame in having to rely upon others to help him when that was the duty of Allstate under the policy.

9. Plaintiff suffered a loss of personal property which Allstate refused to repair or replace under the terms of the policy and caused additional damages to the personal property by not promptly performing its duty to help him protect the property that could be salvaged and pay for the property that could not.

10. Plaintiff charges that Allstate was negligent in the handling of his claim by failing to properly investigate his claim individually on its merits rather than attempting to associate his claim with claims of others that he did not have an ownership interest in. Said negligence and improper claim handling and practice caused his claim to be wrongfully denied and as a result of said denial Plaintiff sustained the damages he has herein set forth.

11. At the time of this loss, Plaintiff was an 80 year old man in poor health. Plaintiff alleges that the actions of Allstate, the breach of contract and negligence caused him to face and be indebted for substantial expenses without the assurance that he thought he had paid for to take care of his home and personal property causing him great worry and emotional upset as to what his future held for him. Allstate, by its actions, has intentionally, negligently and wrongfully inflicted severe physical injury, emotional distress and psychological trauma on Plaintiff and said actions of Allstate have caused him mental and physical suffering.

12. Plaintiff further alleges that the conduct of Allstate violated T.C.A. § 56-8-105, Unfair Claims Practice, which sets forth the standards for insurers or claims entities. Among those matters that constitute unfair claims practice are:

    (1) Knowingly misrepresenting relevant facts or policy provisions relating to coverages at issue;

    (2) Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;

    (3) Failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims arising under its policies;

     (4)   Except when the prompt and good faith payment of claims is governed by more specific standards, not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

\* \* \*

     (6)   Refusing to pay claims without conducting a reasonable investigation . . . ;

     (7)   Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

\* \* \*

     (11)   Unreasonably delaying the investigation or payment of claims by requiring both a formal proof of loss form and subsequent verification that would result in duplication of information and verification appearing in the formal proof of loss form. Nothing contained in this subdivision (11) shall be construed as obligating any insurer to make a decision upon any claim without sufficient investigation and information to determine if the claim, or any part of the claim, is false, fraudulent, or for an excessive amount;

The violation by Allstate of its duty to deal with Plaintiff, its insured, fairly and in good faith subjects Allstate to bad faith damages and penalties, both common law and statutory, dealing with unfair deceptive actions and breach of its fiduciary duty to its insured, Mack Scott.

13.   Plaintiff alleges that he gave Defendant notice pursuant to T.C.A. § 56-7-105 more than 60 days prior to filing his lawsuit.

**56-7-105. Additional liability upon insurers and bonding companies for bad-faith failure to pay promptly.**

(a) The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest on the bond, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that the failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity

4

bond; and provided, further, that the additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed.

14. Plaintiff further alleges that Allstate acted intentionally and that it was Allstate's conscious objective or desire to engage in conduct or cause the result of wrongfully denying Plaintiff coverage by directing its investigation in a way which linked allegedly improper acts of other parties to Plaintiff's claim knowing full well that Plaintiff had been forthright and honest in his presentation of his claim to Allstate. Such action on the part of Allstate was done intentionally, fraudulently and maliciously justifying an award of punitive damages against Allstate.

15. Upon information and belief, Plaintiff alleges that Allstate has published and reported its libelous statements against Plaintiff to credit agencies, insurance companies, insurance rating groups and others so as to make it difficult, if not impossible, and more expensive for him to obtain new insurance.

16. In an effort to avoid or minimize its liability under its contractual obligations to Plaintiff and in dereliction of its duty to handle Plaintiff's claim in good faith, Allstate, instead of properly investigating and handling the claim, began stalling Plaintiff representing to Plaintiff that it was investigating his loss while at the same time Allstate was concealing its true purpose of attempting to deprive Plaintiff of his coverage. Allstate was bound to advise Plaintiff immediately upon its decision to take a position against its insured's coverage and against the insured's interests, as was its fiduciary duty. In addition, the action of Allstate in failing to disclose its conflicting position with Plaintiff's claim and fraudulently representing that it was processing Plaintiff's claim, while delaying it and while building its coverage denial, was intentional and fraudulent, done for the purpose of depriving Plaintiff of the benefits of the

insurance policy which he had paid for and is further evidence of the wrongful acts of Allstate that justify punitive damages.

17. As a result of the acts of Allstate, Plaintiff has been damaged. Plaintiff seeks to recover all damage to which he may be entitled under the law, which includes, but is not limited to, the following:

(a) Loss of use of funds due under the policy of insurance;

(b) 25% penalty for bad faith;

(c) All applicable bad faith penalties, including common law bad faith;

(d) Physical, mental and emotional pain and suffering;

(e) Statutory and discretionary costs;

(f) Damages due to Defendant's negligence;

(g) Punitive damages;

(h) Pre-judgment interest;

(i) Post-judgment interest;

(j) Loss of the use and enjoyment of Plaintiff's property and the depreciation and expenses incurred by Plaintiff caused by Defendant's violations;

(k) Loss of enjoyment of life;

(l) Libel;

(m) Incidental and consequential damages as a result of Defendant's breach of contract, negligence and punitive actions, including, but not limited to:

    1. Attorney fees incurred in the underlying action;

    2. All other litigation expenses incurred in the underlying action; and

    3. For such further relief, general, equitable and specific, to which Plaintiff may be entitled in these premises.

WHEREFORE, Plaintiff, Mack Scott, sues Defendant, Allstate Indemnity Company, individually and d/b/a Allstate Insurance Company d/b/a Allstate Fire and Casualty Insurance Company d/b/a Allstate, for all damages hereinabove set forth which the Court or jury may find proper. Plaintiff demands a jury to try the issues.

Respectfully submitted,

_____
JAMES W. COOK        (8760)
Attorney for Plaintiff
9057 Valley Crest Lane, Suite 102
Germantown, Tennessee  38138
Phone:  (901) 753-5898
Fax:  (901) 753-5829

7